UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7947 PA (PVCx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | Kirell F. Bettis, et al. v. Treasurer of the United States, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Complaint filed by pro se plaintiff Kirell F. Bettis ("Plaintiff") against defendants Treasurer of the United States, United States of America, and Internal Revenue Service (collectively, "Defendants"). (Docket No. 1.) Plaintiff also names the "Kirell Francis Bettis Trust" and the "Kirell Taylor T35161 Trust" as plaintiffs in this action and alleges that Plaintiff is the "grantor" of the trusts. The latter of the trusts includes Plaintiff's prisoner identification number with the California Department of Corrections and Rehabilitation ("CDCR") and he is identified in the CDCR's inmate locator system, "Kirell Taylor." (See id. at p. 3.) The CDCR's inmate locator website indicates that Plaintiff is currently a prisoner at Kern Valley State Prison.[1/] (See also Docket No. 8 at pp. 8–9 (identifying Plaintiff's mail as having been sent from Kern Valley State Prison).)

Although the Complaint is difficult to decipher, Plaintiff appears to allege that he paid taxes – with "Bills of Exchange" – on the billions of dollars in income that he claims his trusts generated from 2014 through 2022. The "Bills of Exchange" appear to be hand-printed. Plaintiff also seems to allege that he now rescinds his payments, claiming that he is "one of the free, sovereign, and independent People of the Unites States republic, born on the land known as the republic of California." (Docket No. 1 at p. 94.) Plaintiff seeks recovery of the funds he claims to have provided to the United States through the "Bills of Exchange" as payment for taxes he purportedly no longer owes. Plaintiff alleges unlawful "conversion of property" and seeks "quiet title" to his property. (Id. at pp. 6, 86, 92, 98.) He requests that the Court become the "primary trustee" of his account, which he alleges is worth more than $425 billion; order that $28 billion be paid to Plaintiff directly; and order two "gifts," consisting of $198 billion each, to be given to the State of California and the United States. (Id. at p. 101.) Plaintiff relies, in part,

---

[1/] The Court may take judicial notice of public information stored on the CDCR's inmate locator website. See Zavala v. Revenue Recovery, No. 222CV0050KJMDBP, 2022 WL 15523619, at *1 (E.D. Cal. Oct. 27, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7947 PA (PVCx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | Kirell F. Bettis, et al. v. Treasurer of the United States, et al. | | |

on the Trading with the Enemy Act, 50 U.S.C. §§ 4301, et seq., in an attempt to support his claims and recover billions of dollars from the United States.

Federal courts must conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

When screening a complaint under section 1915A to determine whether it fails to state a claim upon which relief may be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) standard. See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). To state a claim upon which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se pleadings are "held to less stringent standards" than those drafted by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, even though courts must interpret a pro se complaint liberally and construe all material allegations of fact in the light most favorable to the plaintiff, see Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), courts do not have to accept as true mere legal conclusions. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Furthermore, in giving liberal interpretation to a pro se complaint, the court "may not supply essential elements of the claim that were not initially pled." Pena v. Gardner, 976 F.2d 469, 471–72 (9th Cir. 1992) (internal quotations omitted).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See id. at 327. Lawsuits that challenge the power to collect taxes have been considered frivolous. See Singh v. United States Government, 695 F. App'x 252, 252 (9th Cir. 2017) (affirming the dismissal of a pro se suit challenging the collection of taxes as frivolous); see also Biermann v. Comm'r, 769 F.2d 707, 708 (11th Cir. 1985) ("These arguments are patently frivolous, have been rejected by courts at all levels of the judiciary, and therefore warrant no further discussion.").

Here, Plaintiff appears to allege that he is entitled to recover billions of dollars that he provided to the United States – through multiple "Bills of Exchange" – as payment for taxes he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7947 PA (PVCx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | Kirell F. Bettis, et al. v. Treasurer of the United States, et al. | | |

purports to no longer owe. Even under a lenient standard, the Court concludes that Plaintiff's claims are frivolous and that Plaintiff has failed to state a claim upon which relief may be granted. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."). Moreover, Plaintiff's reliance on the Trading with the Enemy Act, 50 U.S.C. §§ 4301, et seq., does not support his claims. Additionally, because Plaintiff's claims are frivolous, the Court declines to grant leave to amend.[2/] See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

For all of the foregoing reasons, the Court dismisses the Complaint without leave to amend and dismisses this action with prejudice.[3/] The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.

---

[2/] Although Plaintiff filed a First Amended Complaint ("FAC") on November 2, 2023 (Docket No. 9), Plaintiff was not permitted to do so without first obtaining leave of the Court because he has not filed proofs of service demonstrating that he served the Summons and Complaint on Defendants. See Fed. R. Civ. P. 15(a). Even if the Court were to consider the allegations in the FAC, they are substantially the same as those in the Complaint. Therefore, the FAC is also frivolous and fails to state a claim upon which relief may be granted.

[3/] Plaintiff's "Motion to Request Appointment of an Attorney at Law to Represent the Interest of the Trust Plaintiff(s)" (Docket No. 13) is denied as moot. Plaintiff also filed an Application to Proceed In Forma Pauperis ("Application") (Docket No. 3), but then proceeded to pay the $402 filing fee. Plaintiff's Application is denied as moot.